**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivan GONZALEZ–CORPORAN,**
**Defendant–Appellant.**

**No. 06–10147.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed June 20, 2007.

Eric Johnson, AUSA FAX, Timothy S. Vasquez, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, Henderson, NV, Beau Sterling, Esq., Sterling Law, LLC, Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

The district court did not err in determining that Gonzalez–Corporan was a career offender under U.S.S.G. § 4B1.1 (2002) due to two prior convictions in Puerto Rico.

In sentencing Gonzalez–Corporan for his 1986 robbery conviction, the Puerto Rico trial court required him to serve 12 years in prison, making him ineligible for parole until August 1990. This parole date is within the applicable time period for purposes of U.S.S.G. § 4A1.2(e)(1) (2002). The district court correctly relied on the realities of the Puerto Rican parole system, *see United States v. Saya,* 247 F.3d 929, 939–40 (9th Cir.2001), and did not err in counting the 1986 conviction for enhancement purposes.

Gonzalez–Corporan's 1991 conviction was categorically a crime of violence. *See Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). As Gonzalez–Corporan concedes, courts in Puerto Rico apply Puerto Rico Laws Ann. tit. 33, § 4279 (1974) only to conduct that meets the definition of "crime of violence" under U.S.S.G. § 4B1.2 (2002). *See Gonzales v. Duenas-Alvarez,* —— U.S. ——, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007). Nor is section 4279 over-inclusive. The phrase "extenuating circumstances" relates only to a possible reduction in a defendant's sentence, and does not indicate that a defendant could be convicted with-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

out meeting all the elements of the statute. P.R. Laws Ann. tit. 33, § 4279 (1974).

Because the presentence investigation report detailed the facts of Gonzalez–Corporan's prior convictions, it is irrelevant that the prosecution failed to enter its sentencing memorandum, which sets forth the same facts, into evidence. The district court's failure to resolve Gonzalez–Corporan's objections to classifying his prior convictions as "crimes of violence" was not a plain error, because Gonzalez–Corporan has not shown he was prejudiced by this alleged violation of Rule 32 of the Federal Rules of Criminal Procedure. *See United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The facts of Gonzalez–Corporan's prior convictions need not be submitted to a jury and proved beyond a reasonable doubt. *United States v. Weiland,* 420 F.3d 1062, 1079–80 & n. 16 (9th Cir.2005).

**AFFIRMED.**